UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NICOLE BURGOS,**

    **Plaintiff,**

v.                                                                  CASE NO.:

**WEEKLEY HOMES, LLC and
DWH OWNERS, INC.,**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **NICOLE BURGOS** ("Plaintiff"), by and through her undersigned counsel, brings this action against Defendants, **WEEKLEY HOMES, LLC** and **DWH OWNERS, INC.** (together, "Defendants"), and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Middle District of Florida, Orlando Division, because all of the events giving rise to these claims occurred in Orange County, Florida with venue located in this Court.

## **PARTIES**

4. During all times material and relevant hereto, Plaintiff worked for Defendants at their office location in Orange County, Florida.

5. Defendant are foreign companies conducting business in the State of Florida and operating businesses in Orange County, Florida.

## **GENERAL ALLEGATIONS**

6. This is an action to recover damages suffered by Plaintiff when Defendants unlawfully interfered with Plaintiff's rights under the FMLA <u>and</u> when Defendants unlawfully retaliated against Plaintiff for exercising her rights under the FMLA.

7. Defendants were Plaintiff's "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

8. Plaintiff was Defendants' "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9. Defendants acted through its officers, directors, employees, agents, servants and/or representatives at all times during the Plaintiff's employment with the Defendants.

10. Plaintiff has satisfied all conditions precedent, or they have been waived.

11. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

12. Plaintiff requests a jury trial for all issues so triable.

## **FACTS**

13. Plaintiff began working for Defendants, as a sales associate, on July 27, 2020.

14. During Plaintiff's tenure with Defendants, Plaintiff satisfactorily performed the essential duties of her position.

15. On or about May 27, 2021, after multiple discussions with her Project Manager, Larry Buffington, on her desire to continue with the Companies after the completion of her assigned project whether by being assigned to a new project or being moved to a corporate position, Plaintiff again confirmed with Mr. Buffington that she desired to be moved to one of the Companies' corporate positions when her assigned project was completed.

16. In fact, the Companies had already moved another sales associate similarly situated to Plaintiff, Amaris Reyes, to one of the Companies' corporate positions.

17. Furthermore, the sales consultant Plaintiff worked with on Plaintiff's assigned project at the time of Plaintiff's termination, Patty Rivera, was given the opportunity to move on to a different project as a sales consultant.

18. Unfortunately, due to Plaintiff's serious health condition, in or around June 2021, prior to Plaintiff's one-year anniversary working for Defendants, Plaintiff requested FMLA medical leave; Defendants waived the 12-month FMLA eligibility requirement; and Defendants granted Plaintiff to go on continuous FMLA medical leave to return to work with Defendants on September 22, 2021.

19. On July 27, 2021, while on the approved continuous FMLA medical leave, the Plaintiff completed her one-year anniversary with Defendants thereby meeting the FMLA's 12-month eligibility requirement, even absent the Defendants' initial waiver of the FMLA's 12-month eligibility requirement.

20. On August 6, 2021, Defendants informed Plaintiff that her employment with Defendants would be terminated without giving her a reason <u>and</u> without offering Plaintiff one of Defendants' corporate positions like Defendants did for Ms. Reyes, who never exercised any rights under the FMLA like Plaintiff <u>and</u> without allowing Plaintiff to work on another of Defendants' project like Defendants did for Ms. Rivera, who did not exercise any rights under the FMLA like Plaintiff.

21. Defendants interfered with Plaintiff's exercise of her rights under the FMLA to care for herself by terminating Plaintiff's employment with Defendants on August 6, 2021 while Plaintiff was still on continuous FMLA medical leave by terminating Plaintiff without a given reason <u>and</u> without offering Plaintiff one of Defendants' corporate positions upon her return from FMLA medical leave <u>and</u> without allowing Plaintiff to work on another of Defendants' project upon her return from FMLA medical leave.

22. Defendants retaliated against Plaintiff for exercising her rights under FMLA by terminating Plaintiff's employment without a given reason <u>and</u> without Defendants offering Plaintiff one of Defendants' corporate positions <u>and</u> without

allowing Plaintiff to work on another of Defendants' project upon her return from FMLA medical leave.

23. Defendants' violations of the FMLA were willful and done with malice.

## COUNT I – FMLA INTERFERENCE

24. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as fully set forth herein.

25. Plaintiff required medical leave off from work to care for her herself.

26. Plaintiff properly applied and was approved for the required FMLA leave to care for herself.

27. Notwithstanding, Plaintiff being approved for FMLA leave for herself, Defendants unlawfully interfered with Plaintiff's exercise of her rights under the FMLA as described herein.

28. Defendants' actions were willful and done with malice.

29. Plaintiff was injured by Defendants' violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a) That this Court enter a judgment, stating that Defendants interfered with Plaintiff's rights in violation of the FMLA;

    (b) An injunction restraining continued violation of the FMLA by Defendants;

    (c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendants and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as fully set forth herein.

31. Plaintiff required medical leave off from work to care for herself.

32. Notwithstanding, Plaintiff being approved for FMLA leave for herself, Defendants unlawfully retaliated against Plaintiff for exercising her rights under the FMLA by terminating Plaintiff's employment with Defendants on August 6, 2021.

33. Defendants' actions were willful and done with malice.

34. Plaintiff was injured by Defendants' violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendants retaliated against Plaintiff for exercising her rights under the FMLA in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendants;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendants and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 29th day of September 2021.

Respectfully submitted,

**LUIS A. CABASSA, P.A.**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorney for Plaintiffs**

**and**

**SCOTT M. WEAVER**
Florida Bar Number: 573221
**THE WEAVER LAW FIRM, P.A.**
801 West Bay Dr., Suite 426
Largo, Florida 33770
Direct No. 727-316-5330
Facsímile: 727-499-7322
E-mail: scott@theweaverlawfirm.com
**Attorney for Plaintiff**